SARAH E. ROSS, Bar No. 252206
LITTLER MENDELSON, P.C.
sross@littler.com
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
Telephone: 310.553.0308
Fax No: 310.553.5583

CRISTEN R. HINTZE, Bar No. 318231
LITTLER MENDELSON, P.C.
chintze@littler.com
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
Telephone: 213.443.4300
Fax No.: 213.443.4299

Attorneys for Defendant
MEDTRONIC, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINA BRADLEY, an individual;<br><br>Plaintiff,<br><br>v.<br><br>AEROTEK, INC., a Maryland Corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:21-CV-00145<br><br>**DEFENDANT MEDTRONIC, INC.'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION**<br><br>**[28 U.S.C. §§ 1332, 1441, & 1446]**<br><br>Complaint filed: September 10, 2020 (*originally filed in Los Angeles Superior Court*) |

**TO THE CLERK OF THE FEDERAL DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that, contemporaneously with the filing of this Notice, Defendant Medtronic, Inc. ("Medtronic" or "Defendant") hereby effects removal of the above-referenced action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California. This removal is based on 28 U.S.C. §§ 1441 and 1446 and, specifically, on the following grounds:

**I.   JURISDICTION AND VENUE ARE PROPER**

1. This action is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), and is one that may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. §§ 1332, 1441(a), 1446(b).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(c)(2), 1391, and 1446.

**II.   STATUS OF THE PLEADINGS**

3. On September 10, 2020, Plaintiff Regina Bradley ("Plaintiff") commenced this action by filing a complaint in the Los Angeles Superior Court, entitled *Regina Bradley v. Aerotek, Inc. and DOES 1 through 100*, designated as Case No. 20CHCV00528 ("Complaint"). Plaintiff's Complaint alleges the following four causes of action arising out of Plaintiff's former employment relationship with Defendant Aerotek, Inc. ("Aerotek"): (1) hostile work environment harassment based upon gender, (2) failure to prevent harassment, (3) constructive discharge in violation of public policy, and (4) retaliation. *See* Declaration of Sarah E. Ross in Support of Defendant Medtronic, Inc.'s Notice to Federal Court of Removal ("Ross Decl.") ¶¶ 2, 5, Ex. D.

4. On September 11, 2020, the Court scheduled a Case Management Conference in the state court action, currently set for September 22, 2021. Ross Decl. ¶ 3, Ex. B.

5. On September 17, 2020, Plaintiff filed Proof of Personal Service of the Complaint on Aerotek **only** in the Superior Court for the County of Los Angeles. Ross Decl. ¶ 2, Ex. A.

6. On October 14, 2020, Aerotek filed its Answer to Plaintiff's Complaint in the Superior Court for the County of Los Angeles. Ross Decl. ¶ 4, Ex. C.

7. On December 7, 2020, Plaintiff amended the Complaint to substitute Defendant Medtronic for Defendant DOE 1. On December 8, 2020, Plaintiff served on Medtronic's registered agent for service a copy of the Summons, Complaint, and Amendment to Complaint. Ross Decl. ¶ 5, Ex. D.

8. On January 6, 2021, Medtronic filed its Answer to Plaintiff's Complaint in the Superior Court for the County of Los Angeles. Ross Decl. ¶ 6, Ex. E.

9. To Medtronic's knowledge, as of the date of this removal, Aerotek (the only other named defendant) consents to this removal. Ross Decl. ¶ 7.

10. To Medtronic's knowledge, as of the date of this removal, no other parties have been named or validly served in this matter. Ross Decl. ¶ 7.

11. To Medtronic's knowledge, as of the date of this removal, the only pleadings, process and orders, served on Medtronic, or filed in the state court action, are attached to the Declaration of Sarah E. Ross and comprised of the following: Summons and Complaint, Amendment to Complaint, Civil Case Cover Sheet, Notice of Case Assignment, Notice of Case Management Conference, Proof of Personal Service on Defendant Aerotek, Defendant Aerotek's Answer to Plaintiff's Complaint, and Defendant Medtronic's Answer to Plaintiff's Complaint. Ross Decl. ¶¶ 2-6, Exs. A-E. Therefore, the attachments to the Ross Declaration satisfy the requirements of 28 U.S.C. § 1446(a).

## III. TIMELINESS OF REMOVAL

12. This Notice of Removal is timely in that it has been filed within thirty (30) days of service upon Medtronic of the summons and complaint, on December 8, 2020, and within one year of the filing of the complaint on September 10, 2020. *See* 28 U.S.C. § 1446(b).

## IV. COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

13. The Court has jurisdiction over this action because complete diversity of citizenship exists between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a).

14. For purposes of removal, the citizenship of doe defendants are disregarded and only named defendants are considered. 28 U.S.C. § 1441(a); *see Newcombe v. Adolf Coors Co.*, 157 F.3d 686 (9th Cir. 1998).

### A. Plaintiff is a Citizen of California.

15. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the place they reside with the intent to remain or to which they intend to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Residence is *prima facie* evidence of one's domicile. *Sadeh v. Safeco Ins. Co.*, No. CV12-03117SJO(PLAx), 2012 WL 10759737, at *2 (C.D. Cal. June 12, 2012) (citing *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994)).

16. Plaintiff's Complaint states that, at the time she commenced this action, she was "a resident of the County of Los Angeles, City of Northridge, California." Compl. ¶ 2. By alleging in her complaint that she is a "resident" of California, Plaintiff unequivocally establishes "an intent to remain" in California. Plaintiff is a citizen of, and domiciled in, California for purposes of the instant jurisdictional analysis.

**B.  Defendants Are Not Citizens of California.**

17. For diversity purposes, a corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). To determine a corporation's principal place of business, the courts apply the "nerve center test," which deems the principal place of business to be the state "where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92 (2010). In practice, the principal place of business is "where the corporation maintains its headquarters." *Id*.

18. Medtronic is a corporation organized and incorporated under the laws of the State of Minnesota. Declaration of Shelly Zacharias in Support of Defendant Medtronic, Inc.'s Notice to Federal Court of Removal ("Zacharias Decl.") ¶ 2. Medtronic's "nerve center" is undisputedly located in Minneapolis, Minnesota. Nearly all Medtronic's corporate and operational decisions—such as executive, administrative and policymaking decisions, including but not limited to payroll, policies and direction regarding compensation—are made from its headquarters located in Minneapolis. Zacharias Decl. ¶¶ 2-3. Further, Medtronic's high level officers direct, control, and coordinate corporate activities from their offices at Medtronic's Minneapolis headquarters. *See* Zacharias Decl. ¶ 3.

19. Accordingly, Medtronic was, at the time of the filing of this action, and still is, a citizen of Minnesota because it is a corporation incorporated under the laws of the State of Minnesota and has its principal place of business in the State of Minnesota. *See* Zacharias Decl. ¶¶ 2-3.

20. Aerotek is incorporated under the laws of the State of Maryland and maintains its principal place of business in Maryland. Declaration of Horacio Ramirez in Support of Defendant Medtronic, Inc.'s Notice to Federal Court of Removal ("Ramirez Decl.") ¶ 3. Aerotek's corporate headquarters are located in Maryland, and

Aerotek's high-level officers direct, control, and coordinate Aerotek's business activities from this location. Ramirez Decl. ¶ 3.

21. Accordingly, Aerotek was at the time of the filing of this action, and still is, a citizen of Maryland because it is a corporation incorporated under the laws of the State of Maryland and has its principal place of business in the State of Maryland. *See* Ramirez Decl. ¶ 3.

### C. Complete Diversity of Parties Exists.

22. As of the filing of this removal, only Medtronic and Aerotek have been named as defendants and validly served; therefore, complete diversity of citizenship exists in the instant case, because Plaintiff and all defendants are citizens of different states.

## V. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

23. This Court has jurisdiction over this case because, in addition to meeting the prerequisite of complete diversity of parties, the amount placed in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

24. The amount in controversy is determined from the allegations or prayer of the complaint. *See St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 289 (1938). Where a complaint does not seek a specific monetary amount in damages, the removing defendant need only show, by a preponderance of evidence, that the claimed damages exceed the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 862 (9th Cir. 1996).

25. Although Medtronic denies the validity and merit of Plaintiff's claims and underlying allegations, and further denies that Plaintiff is entitled to any relief, it can be reasonably ascertained from the pleadings and the prayer for relief that the amount placed in controversy by Plaintiff far exceeds $75,000, exclusive of interest and costs. *See generally* Compl.

26. Here, Plaintiff's Complaint seeks lost wages, benefits, and other monetary relief "in an amount exceeding $250,000," **in addition** to compensatory damages,

general damages, special damages, punitive damages, and attorneys' fees for each cause of action alleged. *See* Compl., Prayer for Damages. This alone shows that the amount in controversy is more than $75,000.

27. **Lost Earnings and Economic Damages:** At the time Plaintiff's employment ended, in May 2020, she earned approximately $16.25 per hour, and worked an average of 26 hours per week. Ramirez Decl. ¶ 5.

28. Although Medtronic denies Plaintiff is entitled to recover such damages, assuming arguendo, Plaintiff were to recover back wages from the time her assignment with Medtronic ended until trial (assuming a trial date in September 2021, approximately one year from filing), and Plaintiff remains unemployed, she will be seeking approximately $30,000 in lost earnings, plus benefits.

29. Front pay awards in California frequently span a number of years. *See Smith v. Brown-Forma Distillers Corp.*, 196 Cal. App. 3d 503, 518 (1989) (front pay until mandatory retirement age reached); *Rabata-Alvarez v. Dart Industries, Inc.*, 55 Cal. App. 3d 91, 92 (1976) (four years); *Drzewiecki v. H&R Block, Inc.*, 24 Cal. App. 3d 695, 705 (1972) (ten years). Even conservatively estimating that Plaintiff seeks front pay benefits for only the three years after trial, the amount of future wages in controversy in this case would total at least an additional $65,800 plus benefits. If this case goes to trial in September 2021, it may reasonably be estimated that Plaintiff's claims of back pay and front pay alone total an estimated $95,800.

30. While Plaintiff's potential lost wages and economic damages as alleged in the Complaint meet the jurisdictional minimum alone, consideration of Plaintiff's additional requests for emotional distress damages, punitive damages, and attorneys' fees further demonstrate by a preponderance of evidence that the amount in controversy exceeds $75,000. *See Sanchez*, 95 F.3d at 862.

31. In measuring the amount in controversy, a court must assume the allegations of the complaint are true and that a jury will return a verdict in favor of the plaintiff on all claims asserted in his complaint. *Kenneth Rothschild Trust v. Morgan*

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

6.

*Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is what amount is put "in controversy" by the complaint, not what is actually owed if a plaintiff prevails. *See Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) ("It's not a question as to what you would owe. It's a question as to what is in controversy."). Also, in determining the amount in controversy, a court may consider damages awards in similar cases. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).

32. **Emotional Distress Damages:** In addition to compensatory damages for alleged lost earnings and employment benefits, Plaintiff also seeks recovery for, *inter alia*, general and special damages, including damages for emotional distress. These categories of damages must be considered when calculating the amount in controversy, even where the pleadings are vague as to the amount sought. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995). A defendant may introduce evidence of jury verdicts in cases involving analogous facts to establish probable emotional distress damages. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002). The facts of such case need not be "perfectly analogous," however, to meet the "more-likely-than-not standard." *See id.*

33. Courts have awarded substantial damages for emotional distress in analogous cases. *See, e.g., Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005), *cert. denied*, 127 S.Ct. 157 (2006) (holding plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim" where she had only $55,000 in lost wages in discrimination case); *Swinton v. Potomac Corp.*, 270 F.3d 794 (9th Cir. 2001) (award of $30,000 in emotional distress damages where back pay award was only $5,612); *Freund v. Nycomed Amersham*, 326 F.3d 1070, 1074 (9th Cir. 2003) ($20,000 in emotional distress damages in wrongful termination case); *Watson v. Dep't of Rehab.*, 212 Cal.App.3d 1271, 1294 (1989) (affirming over $1 million for emotional distress damages and medical expenses in discrimination case); *Iwekaogwu v. City of L.A.*, 75

Cal.App.4th 803, 821 (1999) (affirming $450,000 award for emotional distress based on discrimination and retaliation claims); *see also Simmons*, 209 F.Supp.2d at 1034 (collecting cases). For purposes of evaluating the amount in controversy on Plaintiff's claims, and based on the foregoing jury verdicts, a conservative estimate of the claimed emotional distress damages is at least **$100,000.00.**

34. **Punitive Damages:** The Court must also take into account punitive damages for purposes of determining the amount in controversy where such damages are recoverable under state law. *Davenport v. Mut. Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *Brady v. Mercedes-Benz*, 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002). California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under Civil Code section 3294. *Boyle v. Lorimar Prods., Inc.*, 13 F.3d 1357, 1360 (9th Cir. 1994). Additionally, employment discrimination cases have the potential for large punitive damages awards. *Simmons,* 209 F. Supp. 2d at 1033. A punitive damages award may equal as much as four times the amount of the actual damages award. *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003). In *Aucina v. Amoco Oil, Co.*, 871 F. Supp. 332 (S.D. Iowa 1994), the defendant employer established that the amount in controversy exceeded the jurisdictional minimum in a discrimination and wrongful discharge lawsuit where the former employee asserted claims for lost wages, lost benefits, mental anguish, and punitive damages. The court noted that "[b]ecause the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct," the plaintiff's claim for punitive damages "might alone" exceed the jurisdictional minimum. *Id.* at 334. Although Defendant vigorously denies Plaintiff's allegations, if Plaintiff were to prevail on her punitive damages claim that claim alone could exceed the jurisdictional minimum.

35. **Attorneys' Fees and Costs:** It is also well-settled that, when authorized by statute, attorneys' fees are to be included in the calculation for purposes of determining whether the requisite jurisdictional minimum is met. *Galt G/S v. JSS*

*Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy"); *Brady v. Mercedes-Benz USA, Inc.,* 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) (in deciding amount in controversy issue, court may estimate the amount of reasonable attorneys' fees like to be recovered by plaintiff if he were to prevail).

36. Moreover, a defendant may use damage awards in other cases to establish the amount in controversy. *Id*. at 1033. Attorneys' fee awards in FEHA cases can be sizeable. *See, e.g., Beaty v. BET Holdings, Inc*., 222 F.3d 607 (9th Cir. 2000) (recognizing that award of attorneys' fees of $376,520 may be appropriate in FEHA where compensatory damages were only $30,000, but remanding to district court to clarify whether court had properly exercised its discretion to consider reducing the fee award). Other California courts have upheld large attorneys' fee awards in FEHA cases. *See Flannery v. Prentice*, 26 Cal. 4th 572 (2001) (affirming award of attorneys' fees and costs of $891,042); *Mangold v. California Pub. Utils. Comm'n,* 67 F.3d 1470 (9th Cir. 1995) (affirming $724,380 attorneys' fee award in FEHA case where plaintiffs' damages awards were significantly less).

37. While here, Plaintiff's attorneys' fees cannot be precisely calculated, it is reasonable to assume that they could exceed $75,000 award should Plaintiff prevail. *Simmons v. PCR Tech*., 209 F. Supp. 2d 1029, 1035 (C.D. Cal. 2002) (holding that where attorneys' fees are "recoverable by statute," fees reasonably anticipated over the life of the litigation are included in the amount in controversy analysis). Attorneys' fees awards in discrimination cases of this nature can be sizeable.  Conservatively estimating that an hourly billing rate of $400 per hour applies and that Plaintiff's counsel will expend 200 hours prosecuting this case, Defendant's potential liability in attorneys' fees would amount to **$80,000**.

38. In sum, although Medtronic does not concede Plaintiff's claims have any merit, when the relief sought by Plaintiff is taken as a whole, the amount in controversy

for Plaintiff's claims more likely than not far exceeds the $75,000 jurisdictional minimum, exclusive of interest and costs. Accordingly, this Court has original jurisdiction over the claims asserted by Plaintiff in this action, based on diversity of citizenship pursuant to 28 U.S.C. §§ 1332 (a)(1) and 1441 (a).

## VI. NOTICE TO STATE COURT AND PLAINTIFF

39. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be given by the undersigned to counsel for Plaintiff and Defendant Aerotek. In addition, a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California for the County of Los Angeles.

Dated: January 7, 2021

/s/ *signature*
SARAH E. ROSS
CRISTEN R. HINTZE
LITTLER MENDELSON, P.C.
Attorneys for Defendant
MEDTRONIC, INC.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

10.